UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Patti Fee,                                              Case No. 3:12-cv-01723

          Plaintiff

    v.                                                MEMORANDUM OPINION
                                                        AND ORDER

Millcreek-West Unity School District
Board of Education,

          Defendant


### INTRODUCTION

This matter is before me on the motion of Plaintiff Patti Fee for leave to file a second amended complaint. (Doc. No. 17). Defendant Millcreek-West Unity School District Board of Education filed a brief in opposition. (Doc. No. 20). Fee has filed a brief in reply. (Doc. No. 21). For the reasons stated below, Fee's motion is granted.

### BACKGROUND

On July 4, 2012, Fee filed a complaint alleging sex and age discrimination under state and federal law. (Doc. No. 1). Subsequently, she filed an unopposed motion for leave to amend her complaint, which I granted. (*See* Doc. No. 10, Doc. No. 11). Fee now seeks leave to file a second amended complaint and alleges Millcreek-West took retaliatory actions against her in violation of federal law. (Doc. No. 17-3 at 7-8). Fee asserts she "has suffered retaliatory actions by [Millcreek-West] at her workplace as a consequence of her ongoing lawsuit, including but not limited to a

dramatically and purposefully increased workload[,]" and those actions have caused her to develop "severe medical problems . . . ." (Doc. No. 17 at 2).

Millcreek-West argues Fee's request for leave should be denied "because it is untimely and Plaintiff repeatedly failed to cure deficiencies in her previous amendments to her complaint." (Doc. No. 20 at 2). Millcreek-West further argues "[g]iven these deficiencies, Defendant will be unduly harmed and prejudiced if Plaintiff is allowed to amend her complaint yet again." (Id.).

### STANDARD

Fed. R. Civ. Pro. 15 provides in part a party may amend its pleadings once as a matter of course within 21 days of serving it or, if a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. Pro. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

Under Fed. R. Civ. Pro. 16(b), a district court must issue a scheduling order limiting, *inter alia*, the time to amend the pleadings. Fed. R. Civ. Pro. 16(b)(3). The scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4). In determining whether good cause exists to modify a scheduling order, a court should consider "the diligence of the party seeking the extension" and "whether the opposing party will suffer prejudice

2

by virtue of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (*citing Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). When a scheduling order deadline has passed, "a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary*, 349 F.3d at 909.

**ANALYSIS**

Millcreek-West contends Fee's motion for leave must be dismissed because it is untimely and because she failed to correct deficiencies in her previous complaints. (Doc. No. 20 at 2). Millcreek-West claims "[u]ntimeliness alone is a sufficient reason to deny leave to amend." (Id.). In support of this contention, however, Millcreek-West cites several cases from the Tenth Circuit Court of Appeals and fails to address Sixth Circuit precedent explicitly rejecting Millcreek-West's untimeliness contention. *See Hageman,* 486 F.2d at 484 ("Delay by itself is not sufficient reason to deny a motion to amend."); *see also Estes v. Kentucky Utils. Co.*, 636 F.2d 1131, 1134 (6th Cir. 1980); *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998).

Fee contends she only recently obtained information about "[potential] medical expenses and the need for future medical attention [which make] it necessary to amend the allegations" set forth in her complaint. (Doc. No. 21 at 2). Fee states she was diagnosed in December of 2012 with anxiety and learned in January of 2013 that she likely will need surgery to remedy physical manifestations of that disorder. (Doc. No. 21-1 at 2). She also asserts the "overt, purposeful, and discriminatory retaliation . . ." she has suffered only now has "become so severe as to warrant inclusion in [her] allegations." (Doc. No. 21 at 4).

Millcreek-West claims Fee was aware of the facts underlying her proposed retaliation claim "for almost three months prior to filing her [original] complaint." (Doc. No. 20 at 5). Fee alleges

3

that, in the months following her commencement of protected activities,[1] "Millcreek-West Unity dramatically and purposefully increased [her] workload, tasks, and assignments, to such an extent that it was and is materially adverse to a reasonable employee in [her] position." (Doc. No. 17-3 at 7). While Fee does not state exactly when the alleged retaliatory conduct began, Millcreek-West asks far too much of the liberal pleading requirements set forth by Fed. R. Civ. Pro. 8 by assuming Fee means the conduct alleged to constitute retaliation began immediately. The occurrence and magnitude of Fee's allegedly increased workload is a proper subject for exploration in discovery.

Millcreek-West also claims it "will be unduly prejudiced by having to conduct additional discovery and redo all depositions and discovery that have already occurred . . . ." (Doc. No. 20 at 4). As an initial matter, Millcreek-West drastically overstates the impact of adding an additional claim to this case. Fee does not seek to amend the other three counts of her complaint, and there is no reason Millcreek-West would need to scrap all previously conducted discovery and start fresh. There may be some individuals who will need to appear for a supplemental deposition, but Millcreek-West provides no support for its claim that every deposition will need to be conducted again or even that Fee's proposed claim will create substantial inconvenience. "Undue prejudice" is not a talisman; it must be established by facts, and Millcreek-West fails to offer any.

After considering the arguments of the parties and the principles set forth in Fed. R. Civ. Pro. 15 and 16, I conclude there is good cause to modify the deadline I previously set for amending the pleadings and that justice requires Fee's motion for leave to amend be granted. Fee sought leave to amend the complaint shortly after she developed sufficient factual support to proceed with a claim for retaliation. There is no evidence of a lack of diligence in seeking to amend the scheduling order or that permitting the amendment would cause the Defendant undue prejudice. Further, none of the *Foman* factors counsel in favor of denying Fee's motion for leave to amend.

---

[1] Fee alleges her actions in filing a discrimination charge with the Equal Employment Opportunity Commission and in filing suit against Millcreek-West are protected activities under state and federal law. (*See* Doc. No. 17-3 at 7).

**CONCLUSION**

For the reasons stated above, Fee's motion for leave to file a second amended complaint, (Doc. No. 17), is granted. The Clerk of Court shall file Fee's second amended complaint, (Doc. No. 17-3), contemporaneously with the issuance of this opinion. I will schedule a status conference with the parties to amend the deadline for discovery.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge